FILED

2021 JAN -8 AM 10: 53

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FL

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Hector Guagua
_Petitioner_

v.

United States of America
_Respondent_
(name of warden or authorized person having custody of petitioner)

Case No. 5:21-cv-16-oc-40PBL
(Supplied by Clerk of Court)

Case No. 4:16-cr-10050-KMM

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Hector Leonardo Guagua
   (b) Other names you have used: ____

2. Place of confinement:
   (a) Name of institution: Federal Correctional Complex Coleman-Low
   (b) Address: P.O. Box 1031 Coleman, Florida 33521
   (c) Your identification number: 14409-104

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court 400 North Miami Avenue Miami, Florida 33128
   (b) Docket number of criminal case: 16-cr-10050-KMM
   (c) Date of sentencing: September 25, 2017
   ☐ Being held on an immigration charge
   ☐ Other (explain): ____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain):

6. Provide more information about the decision or action you are challenging.
   (a) Name and location of the agency or court: Southern District of Florida
   (b) Docket number, case number, or opinion number: 16-cr-10050-KMM
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): I am challenging the constitutionality of the judgement and/or the adjudication of guilty entered by the District Court.
   (d) Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes    ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: Eleventh Circuit Court of Appeals
       (2) Date of filing:
       (3) Docket number, case number, or opinion number: 17-14294
       (4) Result: Affirmed
       (5) Date of result: January 30, 2020
       (6) Issues raised: (1) the constitutionality of the MDLEA; (2) the district Court's determination of MDLEA subject matter jurisdiction; (3) the delay in presentment for a probable cause hearing; (4) the denial of the motion in limine to exclude evidence of post arrest, pre-Miranda silence; (5) the sufficiency of the evidence; and the denial of motion for mistrial based on Brady violation.
   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☑ No

Page 3 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____
    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes    ☒ No

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court: _____
    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes    ☒ No
If "Yes," answer the following:
(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ☐ Yes    ☐ No

Page 4 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: §2255 is inadequate for challenging my conviction or sentence because a motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence, may not be brought under §2255. Being that I am seeking relief on grounds concerning the execution of my conviction, §2255 is inadequate to challenge my conviction.

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes   ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes   ☐ No

Page 5 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

Page 6 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I am being held in custody in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution

(a) Supporting facts (Be brief. Do not cite cases or law.):
The Due Process Clause of the Fourteenth Amendment requires a criminal conviction to rest upon a determination that the defendant is guilty of every element of the crime of which he is charged. The Government did not present any evidence that proved that I "Knowingly" conspired to possess cocaine during my trial. See Attached;

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☒ No

**GROUND TWO:**

(a) Supporting facts (Be brief. Do not cite cases or law.):

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:**

(a) Supporting facts (Be brief. Do not cite cases or law.):

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

Page 7 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I am not aware of any other grounds for relief available to me at the time of my appeal. If there were, it was my appeals Counsels duty to raise them.

**Request for Relief**

15. State exactly what you want the court to do: I want the Court to Conduct an evidentiary hearing on this matter and after it is determined that my Conviction is unconstitutional, I would like for this court to remedy this situation.

Page 8 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

January 3, 2021

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: January 2, 2021

Signature of Petitioner

Signature of Attorney or other authorized person, if any

Page 9 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14409104

<u>Attachment</u>

United States District Court
Middle District Of Florida
Ocala Division

Hector Guagua
V.
United States of America

Case No. <u>16-cr-10050-KMM</u>

Memorandum Of Law In Support Of Motion For Writ Of Habeas Corpus

## Background

This Memorandum is submitted in support of the Motion of Hector Guagua for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (c)(3).

## Facts of the Case

Petitioner was tried and convicted of "knowingly" conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. § 70503(a)(1) and § 70506(b). Petitioner's conviction rests solely on the testimony of six Coast Guard members and the DEA's forensic chemist. The six Coast Gaurd members testified to the fact that on October 24, 2016, a GFV (Go-

1

Fast Vessel) was traveling at a high rate of speed six nautical miles away from a Coast Guard Cutter, and while chasing the GFV in a helicopter, occupants aboard the GFV began tossing "bales" into the ocean. The six members of the Coast Guard also testified to the fact that they believed the bales that were thrown in the ocean contained cocaine. The DEA's forensic chemist testified to the fact that a test of the substance found inside of the bales, tested positive for cocaine. Based on the Coast Gaurd members, and the DEA's forensic chemists' testimonies, Petitioner was convicted of "knowingly" conspiring to possess with intent to distribute the cocaine found inside the bales and sentenced to 240 months in federal prison, which he is now serving in custody of Warden Kathy Lane at F.C.C. Coleman-Low.

### Relief Sought

Petitioner, Hector Guagua, moves this Court for an Order granting this petition for a writ of habeas corpus.

### Grounds for Relief

Petitioner should be granted the relief sought because

2

Petitioner is being held in custody in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, in that, the Government did not prove that Petitioner is guilty of every element of the crime of which he was charged.

### Statement of the Case

More than 50 years ago, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt that the defendant is guilty of every fact necessary to constitute the crime. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Today, in defiance of the Supreme Court, and subsequent Supreme Court rulings reaffirming this decision, the Southern District Court of Florida, entered a judgement of guilty against Petitioner despite the fact that the Government did not meet its burden of proving that Petitioner "knowingly" conspired to possess with intent to distribute cocaine with the other occupants aboard the GFV.

### ISSUE

The Government Did Not Meet It's Burden Of Proving

That Petitioner Is Guilty Of Every Element Of The Crime Of Which He Was Charged, As Constitutionally Required Under The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution

As previously discussed, Petitioners conviction rests solely upon the testimonies of the six Coast Gaurd members and the DEAs forensic chemists. The testimonies of the members of the Coast Gaurd, at best, just places Petitioner on board a vessel that had bales containing cocaine aboard. None of the Coast Gaurd members testimonies proved beyond a reasonable doubt that Petitioner "Knowingly" conspired to possess the cocaine inside the bales that were aboard the GFV.

### Legal Standard

"In order to convict a defendant of conspiring to possess cocaine, the government must prove; (1) two or more persons; (2) "Knowingly" agreed; (3) to possess cocaine." U.S. v. Garcia-Flores, 246 F.3d 451 (5th Cir. 2001). "The word "Knowingly" applies to every element of the crime being charged." Flores-Figueroa, v. U.S., 129 S.Ct. 1886, 173 L.Ed. 2d 853 (2009). Thus, during my trial, the Government would have had to present evidence and testimony that proved beyond a reasonable doubt, that Petitioner had knowledge of the cocaines' presence inside the bales, and

4

that Petitioner aided, abetted, or assisted with the loading or transportation of the bales containing the cocaine. The Government did not meet these burdens.

None of the evidence presented by the Government during my trial, proved beyond a reasonable doubt that Petitioner had knowledge of the cocaines presence in the bales that were on the GFV.

As previously shown, none of the Coast Gaurd members testimonies proved, alleged, or asserted, that Petitioner was aware of the cocaines presence onboard the GFV. As such, Petitioner asserts that the Government did not meet its burden of proving beyond a reasonable doubt that Petitioner "knowingly" conspired with the other occupants onboard the GFV, to possess the cocaine that was hidden inside the bales that were onboard the vessel. In light of the fact that Petitioner's conviction does not rest upon proof beyond a reasonable doubt that Petitioner is guilty of every element of the crime of which he was charged, Petitioner has met his burden of showing that he is being held in custody in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### Conclusion

Wherefore, Petitioner has shown that he is being held in custody in violation of the Constitution and laws of the United States, Petitioner prays that this Honorable Court grant this Petition for a Writ of Habeas Corpus.

Dated: 1/2/21

By: _[signature]_

Hector GUAGUA-IE-14489-104
Federal Correctional Complex Coleman
P.O. 1031
Coleman, Florida 33521

SCREENED
By USMS

Clerk of courts
207 NW Second Street, Room 337
Ocala, Florida 34475